UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD VINCENT RAY,

Plaintiff,

v.

MARTIN GAMBOA,

Defendant.

Case No. 26-cv-00942-VC

**ORDER TO SHOW CAUSE; GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS***

Re: Dkt. No. 5

Petitioner Edward Vincent Ray is a state prisoner currently incarcerated at Avenal State Prison. He sought authorization from the Ninth Circuit to file a second or successive 28 U.S.C. § 2254 habeas corpus petition on June 26, 2025 challenging his Alameda County Superior Court conviction and subsequent denial of collateral relief. The Ninth Circuit found authorization unnecessary with respect to Ray's constitutional claims regarding the denial of collateral relief under the California Racial Justice Act, and transferred that portion of his petition to this court on January 27, 2026 "to be processed as a § 2254 petition with respect to claims regarding the denial of relief under the California Racial Justice Act." Dkt. No. 3. The Ninth Circuit deemed the petition filed on June 19, 2025. *Id.* The Ninth Circuit denied authorization to file a second or successive petition regarding Ray's claim that he was denied due process when purported evidence was withheld during his trial. Ray is granted leave to proceed *in forma pauperis*. Dkt. No. 5.

Ray contends that the state courts violated his federal due process rights when denying his claim under the California Racial Justice Act that the Black prosecutor in his trial used racially coded language regarding his physical appearance as a white person. He also alleges that

the state courts violated his Equal Protection rights by treating his Racial Justice Act claim differently than the claims brought by similarly situated Black litigants. It does not appear from the face of the petition that it is clearly without merit. Good cause appearing, the court hereby issues the following orders:

1.    The motion for leave to proceed *in forma pauperis* is granted. Dkt. No. 5.

2.    The Clerk shall modify the docket to reflect a filing date for the petition of June 19, 2025.

3.    The clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and SFAGDocketing@doj.ca.gov. The Petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The clerk also shall serve by mail a copy of this order on Ray.

4.    No later than sixty days from the date of this Order, the respondent shall file with this court and serve upon Ray an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. The respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition. If Ray wishes to respond to the Answer, he shall do so by filing a Traverse with the court and serving it on the respondent within thirty days of his receipt of the Answer. If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

5.    No later than sixty days from the date of this Order, the respondent may file with this court and serve upon Ray a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If the respondent files such a motion, Ray shall file with the court and serve on the respondent an opposition or statement of non-opposition to the motion within thirty days of receipt of the motion, and the respondent shall file with the court and serve on Ray a reply within fourteen days of receipt of an opposition.

6.      It is Ray's responsibility to prosecute this case. He must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. He also must serve on the respondent's counsel all communications with the court by mailing a true copy of the document to the respondent's counsel.

7.      Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: April 2, 2026

_____

VINCE CHHABRIA
United States District Judge

3